In the Matter of Dorothy Hadler
**SCHROEDER, Bankrupt.**
**John J. OTTUSCH, Trustee,**
v.
**Dorothy Hadler SCHROEDER, Bankrupt.**
**No. 70–B–136.**

United States District Court,
E. D. Wisconsin.

March 22, 1973.

James G. Howard, Milwaukee, Wis., for bankrupt.

John J. Ottusch, Milwaukee, Wis., for trustee.

## OPINION

TEHAN, Senior District Judge.

On January 26, 1970, a voluntary petition in bankruptcy was filed in this court by Dorothy Hadler Schroeder. At the time of filing of the petition, the pe-

titioner was the owner as tenant in common of an undivided one-fifth remainder interest in a valuable piece of real estate located immediately south of a shopping center in Grafton, Wisconsin, in which her mother had a life estate. The petitioner's interest in this property was not revealed in the schedules in her bankruptcy petition.

At the first meeting of her creditors held on February 17, 1970, the petitioner revealed her interest in the property, a house and two acres of land occupied by her mother, and stated that very little value had been placed on it four or five years previously in her step-father's estate. She was not asked for, nor did she volunteer information that the property had a desirable location which would enhance its value over that of a normal small frame house on the outskirts of town. The referee then directed that her schedules be amended to reflect her interest in the property but this was not done.

After the first meeting and on October 25, 1970, the petitioner's mother died. The real estate was sold in February, 1971, to the operator of a food market at the shopping center. No action had been taken by the trustee to alert the buyer to the existence of his interest in the property, which was located outside the county where the bankruptcy petition was filed. In February, 1971, one-fifth of the net proceeds of the sale, being $5785.06, was distributed to the petitioner, who did not inform the trustee of her receipt of the funds.

On June 15, 1971, the trustee sent a letter to the petitioner stating that he had learned of the sale of the property and her receipt of the proceeds, informing her that title had vested in him and she had no right to the proceeds, warning her, in strong terms, of the possible effects of her improper conduct and suggesting that she contact her attorney and turn over the proceeds of the sale to the trustee. The petitioner responded by letter dated July 4, 1971 stating she thought the money was hers, that she was not told it was not, and that the money was gone.[1]

On July 12, 1971, the trustee filed an objection to the petitioner's discharge based on the above described conduct, and an application for an order directing the petitioner to turn over the $5785.06 to him. When the petitioner failed to appear at a hearing on these matters, the referee ordered that she be deemed to have waived her right to a discharge and after making his findings of fact and conclusions of law ordered entry of judgment in favor of the trustee and against the petitioner in the amount she was found to have withheld, the net proceeds to her of the sale. After the petitioner moved to vacate the order and judgment, the referee vacated those orders and scheduled the trustee's objection and application for hearing and determination on the merits, and the trustee moved to deny the petitioner all exemptions accorded a judgment debtor under Chapter 272, Wis.Stats., pursuant to § 272.18(30).

On April 14, 1972, the referee filed his opinion and (1) an order denying the petitioner's discharge, (2) an order for judgment against the petitioner in the amount of $5785.06 plus taxable costs and disbursements. The latter order provided that exemptions granted by Chapter 272, Wis. Stats., be denied the petitioner as against the trustee in the collection of his judgment because of her concealment and transfer of assets with intent to defraud creditors. A petition for review of those orders was filed by the bankrupt on April 21, 1972, challenging the denial of discharge as being without factual support and challenging the judgment as being excessive. The petition for review also asserted lack of jurisdiction or authority in the referee to deny exemptions and alleged, as with respect to the order denying discharge, that no

---

1. The record establishes that not all of the money had in fact, been spent at that time since the petitioner admitted using some of it for a vacation thereafter.

factual basis for the referee's action existed. Briefs and transcripts were filed and oral argument heard on December 14, 1972.

■ We shall first consider whether the referee's finding that the petitioner concealed and transferred property with intent to hinder, delay or defraud creditors was clearly erroneous, a question relevant to both the denial of discharge under § 14(c)(4) of the Bankruptcy Act and the denial of exemptions under § 272.18(30), Wis.Stats. Our review of the record convinces us not only that the finding was not clearly erroneous but that a finding to the contrary would have had to be reversed. The evidence presented to the referee establishes clearly and convincingly that the petitioner misled the trustee as to the value of her interest in the real estate involved, failed to amend her schedules to reflect that interest, failed to inform the trustee of the sale of the property and her receipt of the proceeds and lied concerning her disposition of the proceeds.[2] Since the finding was not clearly erroneous, it follows that the discharge was properly denied.[3] It further follows that a factual basis existed for the referee's order under § 272.18(30), to be discussed later.

■ With respect to the amount of the judgment, the petitioner argues that her interest in the real estate involved was of little or undetermined value when the petition in bankruptcy was filed since her interest was subject to a life estate in her mother,[4] and that the trustee was not diligent in disposing of that interest. It follows, she argues, that she could logically believe that she could pay the trustee the nominal value of her interest as of the time of the filing and retain the interest.[5] The increase in value of the interest after the filing due to the death of the life tenant, she claims, should belong to her since the trustee failed to evaluate or liquidate the interest promptly.

It is incontrovertible that when the petition in bankruptcy was filed the trustee was vested with title to the petitioner's remainder interest. It is also elementary that any increase in value of that interest belonged to him as titleholder. The petitioner has cited no authority from which the court could infer that those two premises should be varied if the trustee fails to liquidate the asset within an unspecified period of time prior to its increase in value, and we must hold to the contrary.[6] If there was any dilatory conduct on the part of the trustee, it in no way prejudiced the petitioner. The amount of the judgment, being the proceeds of the sale of the trustee's interest, was not excessive.

■ Section 272.18(30), Wis.Stats., provides in relevant part:

" . . . any or all of the exemptions granted by this chapter may be

2. The disposition of the proceeds is here material with regard to the question of whether a turnover order would be proper, a question not before us, and would not be relevant on the question of defrauding creditors except insofar as the petitioner's statements with respect thereto evidence a lack of candor. Creditors may be defrauded despite the fact that proceeds are used for necessary or even laudable purposes.

3. The petitioner has argued that fraud must be proved by clear and convincing evidence. While the referee did not enunciate the extent of the burden of proof, his opinion clearly reveals that he found that burden to be met, a finding we do not believe to be clearly erroneous. Assuming that the trustee had the burden of proof by clear and convincing evidence with respect to discharge (but see proviso in § 14(c)) that burden was met. It was also met under § 272.18(30).

4. The life tenant had no power to take action to affect the remaindermen's interest, nor did the referee so find. Even if he had so found, that finding would not, in our opinion, be material.

5. The petitioner did not attempt in any way to arrange to retain the interest.

6. We note that the petitioner herself, through whatever arrangements she could have made, could have attempted to purchase the asset from the trustee with funds other than those in the estate.

denied if, in the discretion of the court having jurisdiction, the debtor procured, concealed or transferred assets with the intention of defrauding his creditors."

We have already held that the referee did not err in holding that the factual basis for application of that provision existed. We will now consider the petitioner's legal arguments.

Prior to the sale of the real estate involved herein the referee allowed the exemptions recommended by the trustee in the ordinary course of administration of the estate. It must be here kept in mind that the order of the referee now under review does not constitute a blanket denial of previously granted exemptions. Rather, it denies exemptions only with respect to the collection of the trustee's judgment.

In that portion of his opinion regarding the application of the above quoted portion of § 272.18(30), the referee notes that since the statute was enacted in 1947 and amended in 1951 it has not been considered in any reported decision. He also notes that the legislative intent in enacting the statute is not ascertainable except, of course, from the words of the section itself. He then rules:

"By its terms the statute applies squarely to the situation presented in this case. The court is satisfied beyond any doubt that the bankrupt engaged in the fraudulent concealment and transfer of assets, and it has so found. It is the judgment of this bankruptcy court which the trustee seeks to enforce, and it is this court which has jurisdiction over the efforts he will exert to that end. The bankruptcy court proceeds upon equitable principles and will not sustain a positive fraud, and where applicable state law precludes a debtor from claiming exemption rights, the bankruptcy court will apply such law. 1A Collier

844. The court finds that by her fraudulent actions and pursuant to the provisions of Wis.Stats. 272.18(30), the bankrupt has forfeited any right to exemptions as against the trustee in the enforcement and collection of his judgment."

■ The petitioner contends that the referee's action is erroneous because § 6 of the Bankruptcy Act does not permit denial of exemptions except as to the specific property transferred or concealed. Section 6 permits allowance of the exemptions in accordance with State laws, however, and § 272.18(30) is one of the State laws applicable in this case.

■ The petitioner further contends that the referee, having allowed exemptions, was without jurisdiction to determine claims against exempt property. The referee did have jurisdiction to enter the judgment under review and, in our opinion, had jurisdiction apart from the Bankruptcy Act itself to state the effect of that judgment under State exemption laws.

■ It is also claimed that the Referee lost all jurisdiction over the petitioner's assets when he denied a discharge and could take no action affecting the petitioner's assets thereafter. Again it must be stressed that the denial of exemptions by the referee related only to the judgment ordered by him in favor of the trustee, and was ordered pursuant to State law, not the Bankruptcy Act. Jurisdiction of the referee to rule on the merits of the matter is not challenged, and the express terms of § 272.18(30) give the court having jurisdiction discretion to deny exemptions. We cannot say that the discretion was abused on the facts of this case.

The trustee will prepare an order pursuant to this opinion and submit it to opposing counsel for approval as to form.